UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

BRYAN KEITH UMBERGER,

        Petitioner,

v.                                                       Civil No. 4:16cv124
                                                       Criminal No. 4:07cr12

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM ORDER

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner Bryan Keith Umberger ("Petitioner"). ECF No. 57. For the reasons set forth below, such motion is **GRANTED**.

On September 11, 2007, Petitioner was named in a six count superseding indictment charging him with possession of various narcotics (Counts Two through Six), as well as possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count One). ECF No. 11. On December 6, 2007, at the conclusion of a criminal jury trial, the jury returned a verdict of guilty as to all six counts. ECF No. 17. While the statute that provides the punishment for Count One typically authorizes a maximum punishment of ten years imprisonment, 18 U.S.C. § 924(a)(2), the Armed Career Criminal Act ("ACCA") establishes an enhanced statutory

maximum of life imprisonment, as well as a mandatory minimum of fifteen years imprisonment, if a defendant violates § 922(g)(1) after being convicted of <u>three or more</u> felony offenses that qualify as a "violent felony" or a "serious drug offense," 18 U.S.C. § 924(e). On February 27, 2008, the sentencing judge concluded that Petitioner had at least three qualifying ACCA convictions,[1] which not only increased both the minimum and maximum punishment authorized by law for Count One, but also increased Petitioner's advisory Guideline range. Accordingly, Petitioner was sentenced to 236 months imprisonment, consisting of 236 months on Count One, and 36 months on each of the five drug possession counts, all to be served concurrently. ECF No. 24. Petitioner filed a timely appeal, ECF No. 25, and the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. <u>United States v. Umberger</u>, 301 F. App'x 260 (4th Cir. 2008). Petitioner thereafter filed a habeas motion pursuant to 28 U.S.C. § 2255, and such motion was denied by this Court on July 20, 2011. ECF No. 44.

Relying on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), on July 19, 2016, Petitioner filed the pending § 2255 motion in this Court <u>after</u> having received authorization from the Fourth Circuit to file a second or successive habeas motion. ECF Nos. 56-57. While the Government

---

[1] This matter was originally assigned to United States District Judge Walter D. Kelley, Jr. Judge Kelley resigned his commission on May 16, 2008, and the case was subsequently transferred to the undersigned judge.

2

initially filed a brief in opposition challenging both the timeliness and substantive merit of Petitioner's § 2255 motion, ECF No. 60, based on subsequent developments in controlling case law, on June 29, 2017, this Court issued an Order requesting that the Government file a supplemental brief addressing several recently decided cases. ECF No. 62. On July 18, 2017, the Government filed its supplemental response. ECF No. 64. In such supplement, the Government withdraws its statute of limitations defense, and concedes that: (1) in light of cases recently decided by the Fourth Circuit, Castendet-Lewis v. Sessions, 855 F.3d 253 (4th Cir. 2017); see also United States v. Hadsell, -- F. App'x --, No. 16-4767, 2017 WL 2772133 (4th Cir. June 26, 2017), Petitioner's conviction for burglary under Virginia law does not qualify as a predicate offense under the ACCA;[2] and (2) because Petitioner no longer has three ACCA predicate convictions, his sentence on Count One is in excess of the maximum sentence authorized by law, ECF No. 64. Additionally, the Government asserts that a formal resentencing hearing is unnecessary, and that this Court should instead exercise its discretion to "correct" Petitioner's sentence of imprisonment to a term of "time served" and correct Petitioner's period of Supervised Release to a term of three years. Id. at 2 (citing United States v. Hadden, 475 F.3d 652, 667 (4th Cir. 2007) (discussing the district

---

[2] The Government previously conceded in its initial brief that, based on the Supreme Court's ruling in Johnson, "Umberger's Kentucky conviction for fleeing or evading police can no longer be a qualifying [ACCA] predicate offense." ECF No. 60, at 4.

3

court's authority to grant habeas relief in the form of a sentence "correction" that is imposed without a resentencing hearing)); see 28 U.S.C. § 2255(b) (providing the Court's authority to vacate the original judgment and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate") (emphasis added).

Having carefully reviewed both Petitioner's and the Government's filings, as well as the case file, the Court agrees with the position taken by the Government in its most recent brief, as Petitioner no longer has three predicate ACCA convictions. Because the enhanced ACCA statutory punishment is not applicable in this case, Petitioner's conviction for violating 18 U.S.C. § 922(g) permits a maximum sentence of ten years. Petitioner's sentence of 236 months imprisonment on Count One is therefore "not authorized by law," and he is entitled to § 2255 habeas relief. 28 U.S.C. § 2255(b); see United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'" (quoting 28 U.S.C. § 2255(a))).

Turning to the appropriate remedy, in light of the fact that Petitioner has already served more than ten years in federal custody,[3]

---

[3] Although Petitioner was sentenced in February of 2008, his Presentence Investigation Report reveals that he has been detained in federal custody since June of 2007 and that he was held in state custody for the instant offense from December of 2006 until June of 2007 when his state charges were "nolle prossed" in favor of Federal prosecution. ECF No. 55.

4

and in light of the fact that Petitioner's original Guideline range was increased based on his status as an Armed Career Criminal, the Court agrees with the Government that Petitioner is entitled to relief in the form of a "corrected sentence." The Court therefore **GRANTS** Petitioner's § 2255 motion and **VACATES** the portion of the Judgment Order imposing a term of imprisonment of 236 months and a term of supervised release of five years.[4] The Court **corrects** such sentence to provide for a **total term of imprisonment of "TIME SERVED,"** and a **total term of supervised release of THREE (3) YEARS**, consisting of three (3) years on Count One, and one (1) year on each of Counts Two through Six, all to be served concurrently. All other provisions of the Judgment Order filed on March 3, 2008, remain in effect.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to Petitioner, Petitioner's former counsel, the United States Attorney's Office in Newport News, Virginia, the Federal Bureau of Prisons, and the Probation Office of this Court.

**IT IS SO ORDERED.**

/s/ *MSD*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 20, 2017

---

[4] As the Court concludes that the maximum authorized term of imprisonment for Count One is ten years, the maximum authorized term of supervised release is three (3) years. 18 U.S.C. §§ 3559(a)(3), 3583(b)(2).